UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **HILLARY JIPSON and ELIJAH REEVES,**<br><br>          **Plaintiffs,**<br><br>v.<br><br>**ROBERT WORKMAN, Individually and in his capacity as Montgomery County Sheriff Deputy, and MONTGOMERY COUNTY SHERIFF DEPARTMENT,**<br><br>          **Defendants.** | **CASE NO. 5:24-CV-26-KKC**<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to remand (DE 8) filed by plaintiffs Hillary Jipson and Elijah Reeves (collectively, "Plaintiffs") and a motion to dismiss (DE 3) filed by defendants Robert Workman and the Montgomery County Sheriff's Department (collectively, "Defendants"). For the following reasons, the Court will grant the motion to dismiss in part and grant the motion to remand.

**I.   Background**

On January 10, 2023, Plaintiffs were involved in a car accident in Bourbon County when defendant Robert Workman ("Workman") attempted a left turn in front of their vehicle. This turn resulted in contact and damage to Plaintiffs' vehicle. Plaintiffs assert that Workman then exited his vehicle and shouted expletives at Reeves while attempting to forcibly open Plaintiffs' passenger door. During this time, Workman did not produce a badge and was not wearing his police uniform but warned the pair that he was "a f\*\*\*\*\*\* cop[.]" (DE 1-1 at 5.) No markings on Workman's vehicle indicated that he was a law enforcement officer. (*Id.*) Uniformed deputies from the Montgomery County Sheriff's Department, Workman's employer, quickly arrived from "no less than two counties" away and began conducting an official investigation. (*Id.* at 7.) They did not allow Plaintiffs to leave. (*Id.* at 8.)

1

Almost a year later, Plaintiffs filed this action against Defendants in the Bourbon Circuit Court. Plaintiffs bring the following claims: (1) deprivation of constitutional rights under 42 U.S.C. § 1983; (2) harassment under KRS § 525.070; (3) negligence; and (4) false imprisonment. (*Id.* at 9-10.)

Defendants removed this action to this Court soon after its filing on the basis of federal-question and supplemental jurisdiction. Then, they filed a motion to dismiss Plaintiffs' claims and invoke immunity for the Montgomery County Sheriff's Department and Workman in his official capacity. Plaintiffs responded to this motion and filed their own motion to remand. Now that briefing has been completed pursuant to the local rules, these motions are ripe for the Court's review.

## II.     Analysis

### A.     Subject-Matter Jurisdiction

From the outset, Plaintiffs incorrectly argue that the federal-officer removal statute, 28 U.S.C. § 1442, requires the remand of this action. This action, however, was not removed under that statute, nor is it mentioned anywhere in the Notice of Removal. (DE 1.) These facts make the bulk of Plaintiffs' arguments for remand entirely inapplicable.

The Court has subject-matter jurisdiction over this action. In removing this case, Defendants relied on 28 U.S.C. § 1331 and § 1367(a), the statutes for original jurisdiction and supplemental jurisdiction.

Section 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Case law makes it clear that § 1983 claims arise under federal law and district courts have jurisdiction to hear them pursuant to 28 U.S.C. § 1331. *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005) ("This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)."). Indeed, Plaintiffs concede that federal courts can hear § 1983 claims in its own motion to remand. (DE 8 at 3.)

Next, Defendants argue that supplemental jurisdiction, 28 U.S.C. § 1367(a), attaches to the Plaintiffs' state law claims. Section 1367(a) states that: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

Here, the § 1983 claims and state law claims stem from the same altercation between Plaintiffs and Workman. Neither Plaintiffs nor Defendants dispute that fact. As a result, it is clear that these claims form part of the "same case or controversy" for the purpose of supplemental jurisdiction and this Court has subject-matter jurisdiction to hear the pending claims. Accordingly, Defendants' removal from state court was proper.

Plaintiffs do, however, argue that remand is still appropriate if the Court decides to dismiss the § 1983 claims. To address this argument, the Court must turn to the Defendants' pending motion to dismiss.

### B. Section 1983 Claims

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, it "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court has explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted). While a complaint need not have detailed factual allegations, a formulaic recitation of the elements will not suffice. *Twombly*, 550 U.S. at 555.

Plaintiffs bring § 1983 claims against Defendants in an attempt to remedy an alleged violation of Plaintiffs' constitutional rights. Section 1983 provides a federal cause of action to a person whose rights "secured by the Constitution" are violated by an official acting "under color of [State law]." 42 U.S.C. § 1983. In this way, § 1983 "creates a species of tort liability" where State actors violate federal constitutional rights. *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). To state a claim under § 1983, a plaintiff must show: (1) that a constitutional right was violated; and (2) that the alleged deprivation was committed by a person

3

acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). If a plaintiff fails to make a showing on either element, the § 1983 claim must fail. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Court will analyze each element in turn.

### 1. Constitutional Violation

Plaintiffs assert that Workman violated their constitutional rights when he leveled "aggressive conduct and racial slurs" at Reeves and when he contacted Plaintiffs' vehicle after the accident. (DE 1-1 at 6.) Defendants argue that neither of these acts rise to the level of a violation cognizable under § 1983.

To establish a constitutional violation for the purpose of satisfying a § 1983 claim, a plaintiff must show the deprivation of a "right secured by the United States Constitution or a federal statute." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).[1] Defendants cite to a number of cases that support their argument that verbal harassment and threats by state actors do not amount to a constitutional violation for § 1983 purposes. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012); *Beavers v. Harrison*, 655 F. Supp. 3d 628, 630 (E.D. Mich. 2023) (citing *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004)) ("Even verbal threats of sexual assault do not violate an inmate's constitutional rights under § 1983."); *Taylor v. City of Falmouth*, 187 F. App'x 596, 601 (6th Cir. 2006) (quoting *King v. City of Eastpointe*, 86 F. App'x 790, 814 (6th Cir. 2003) (Moore, J., concurring in part and dissenting in part)).

Plaintiffs acknowledge this case law but fail to provide any legal counterargument or case law to rebut Defendants' argument. (DE 5 at 5.) The only federal statute that Plaintiffs cite in support of their § 1983 claims is 18 U.S.C. § 351(e). Despite claiming that this statute establishes some general assault crime under federal law, this statute solely focuses on the "assassination, kidnapping, and assault" of Congressional, Cabinet, and Supreme Court members. The first case that Plaintiffs cite to is a D.C. Circuit case in which D.C. Code governed, which is inapplicable to this matter. This case took place not in D.C.,

---

[1] Notably, the complaint itself does not specify what right(s) secured by the Constitution and/or a federal statute was actually violated in this action.

4

but Kentucky. The second case that Plaintiffs cite to involves a federal statute punishing assault against law enforcement officers, not the other way around.

The Court sympathizes with Plaintiffs and agrees that, if true, Workman's conduct was unnecessary and disturbing. However, outrage alone cannot defeat well-established case law. Plaintiffs fail to point to a right secured by the Constitution and/or federal statute that was violated by Workman and, thus, their § 1983 claims cannot survive dismissal.

### 2.     Under Color of State Law

Even if the Court found that there was a violation of Plaintiffs' constitutional rights, it is uncertain whether Workman was acting under color of state law at the time of the incident. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)) (quotation marks omitted). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

Plaintiffs' response to the motion to dismiss undermines their § 1983 claim against Workman. In what appears to be an argument against qualified immunity, Plaintiffs spend much of their response arguing that Workman was *not* acting under color of state law when he crashed into Plaintiffs, berated them, and tried to force open their passenger door. They note in support of this position as follows: (1) Workman was traveling in Bourbon County, two counties away from his place of employment in Montgomery County; (2) Workman was "clearly" not in "hot pursuit" when he struck Plaintiffs' vehicle; (3) Workman did not produce a badge identifying himself as law enforcement; (4) Workman was not wearing a law enforcement uniform; and (5) Workman's vehicle possessed no outward markings indicating that he was a law enforcement officer. Defendants correctly note that, if Plaintiffs' assertion that Workman was off duty is correct, the § 1983 claim against him fails as a matter of law. Regardless, the claim fails because there is not a violation of constitutional rights.

### 3.     Claim against the Montgomery County Sheriff Department

The § 1983 claim against the Montgomery County Sheriff Department fails as a matter of law. Defendants cite to cases that support the position that § 1983 claims are not tenable against a county sheriff's department. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Gambrel v. Knox Cnty., Ky.*, No. 17-184-DLB, 2018 WL 1457296, at *8 n.7 (E.D. Ky. Mar. 23, 2018) ("A county sheriff's department is not a 'person' subject to suit under § 1983 because municipal departments are not suable under § 1983."); *Lowe v. Ky. Court of Justice*, No. 2:14-168-KKC, 2015 WL 1526106, at *3 (E.D. Ky. Apr. 2, 2015) ("The sheriff's department and the county jail are simply operating divisions of Boone County, not independent legal entities . . . ."). In response, Plaintiffs do not attempt to distinguish these cases from this action or refute the underlying argument in any meaningful way. The Court therefore finds the Defendants' argument to be sound and will dismiss the § 1983 claim against the Montgomery County Sheriff Department.

### C. Remand under 28 U.S.C. 1367(c)

District courts may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Because the Court is dismissing Plaintiffs' § 1983 claims, the only source of original jurisdiction in this action, it will decline to exercise supplemental jurisdiction over the remaining state law claims and remand this action to state court.

### III. Conclusion

For the aforementioned reasons, the Court hereby ORDERS as follows:

1) Defendants' motion to dismiss (DE 3) is GRANTED in part, in that Plaintiffs' 42 U.S.C. § 1983 claims are DISMISSED;

2) Plaintiffs' motion to remand (DE 8) to state court is GRANTED pursuant to 28 U.S.C. § 1367(c)(3); and

3) this action is REMANDED to the Bourbon Circuit Court.

This 21st day of June, 2024.

*Karen K. Caldwell*

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY